IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL D. SIMMONS,

      Petitioner,                    No. CIV S-10-2044 EFB P

    vs.

GEORGE J. GIUBINO,

      Respondent.                <u>ORDER</u>

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

        Currently pending before the court is petitioner's application for a writ of habeas corpus. For the reasons explained below, the court finds that it must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

        A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Here, petitioner has merely copied the language from the "most frequently raised grounds for relief in habeas corpus" printed on the form. His claims are: "conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant," "conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled," "conviction obtained by a violation of the privilege against self-incrimination" and "denial of the right of appeal." Under the last claim, petitioner states that his appeal restricting "R" suffix inmates from sensitive inmate assignments was denied. However, petitioner pleads no facts to support his habeas corpus claims. Therefore, petitioner must file an amended habeas petition to proceed.

Petitioner has also filed a document styled "motion for extension of time" in which he requests 30 days to present a "late claim." Although the factual basis of this motion is unclear, it is denied as moot, as petitioner is granted leave to file an amended habeas petition.

Accordingly, it is ORDERED that:

1. Petitioner's motion to proceed *in forma pauperis* is granted;

////

////

2. The petition is dismissed with leave to amend. Within 30 days of the date of this order, petitioner shall file an amended petition curing the defects described above;

3. Petitioner's motion for an extension of time is denied as moot; and

4. Failure to comply with this order will result in this action being dismissed.

Dated: October 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE